### JOEL MEAD *vs.* JONATHAN ARMS.

That no cost shall be allowed for not entering an action when written notice had been served on defendant that the action would not be entered, and no preparatory cost had accrued before such notice.

HUTCHINSON, J.—This was a complaint for not prosecuting an *audita querela*, which said *Arms* had procured to be regularly served upon said *Mead*. Said writ was made returnable to this court. *Arms*, more than twelve days before the commencement of the term, had caused to be served upon *Mead*, by a copy, a written notice that he should not enter nor prosecute said writ. This he did to prevent any attendance at Court on account of said writ; and to save future cost. The counsel for *Mead* acknowledged the service of notice, but contended that he was employed, and charged his client with a retaining fee, before the service of said notice, and therefore claimed his cost. The items of the cost claimed were for the complaint, term fee, attorney's fee, and court and clerk's fees. This was opposed by the counsel of *Arms*, on the ground that the notice had rendered it unnecessary for *Mead* to attend Court, and he claimed no cost but for coming before the Court to get the same allowed. The justices present gave their separate opinions against allowing the cost. The notice so full in itself, and so ceremoniously served, removed all necessity of *Mead's* attending Court, to defend the action. If he had placed confidence in the notice, and stood aloof from the Court, and still *Arms* had entered the *audita querela*, and obtained judgment by default, the same, on a motion for that purpose, and showing this copy of the notice would have been set aside of course, and cost of the motion taxed against *Arms*.

Moreover, all the cost contended for, as legally taxable on this motion, is the cost of attending and making the motion. It would be right to allow this, if the attendance were necessary for the safety of *Mead*, which could not be after such notice as has been given in this case. The retaining fee, spoken of, is not taxable, nor is there any attempt to tax it.

If there had been cost made in preparing for the defence, such as taking depositions or summoning witnesses, which would be in its nature taxable, before the service of the notice, that ought also to have been paid or tendered with the service of the notice. If that were not done, *Mead* might well apply, as he now has, and that cost, together with the cost of coming here to procure it taxed, would be allowed him.

The motion denied.

*Baylies* for *Mead*.
*T. Merrill*, for *Arms*.