MAJOR CLARK *v.* THOMAS SCOFIELD.

The provision of the statute, giving costs to the defendan tin a suit, when the plaintiff shall discontinue his action, or become nonsuit therein, does not entitle the defendant to costs in a case, where, between the commencement of the suit and the time for entering the same in court, the cause of action has become extinguished by some-act of the defendant, not operating for

Clark *v.* Scofield.

the plaintiff's benefit, nor done with his concurrence or assent, and the plaintiff consequently neglects to enter the suit in court,—notwithstanding he gives the defendant no notice of discontinuance.

THIS was a complaint for costs. It was admitted that Scofield commenced a suit against Clark in February, 1842, and that the writ was made returnable at the May Term of the county court, 1842; that the writ was served on Clark by arresting his body; that Clark appeared in court to answer to the suit; that, subsequent to the service of the writ, Clark filed his petition in bankruptcy, and was declared a bankrupt previous to the term at which the writ was made returnable; that Clark never had any notice that the suit was discontinued; and that the suit was not entered in court.

The court, upon these facts, refused to allow the complainant his costs in said suit; to which decision the complainant excepted.

*Stoughton & Person* for complainant.

*L. Adams* for defendant.

The opinion of the court was delivered by

ROYCE, J. The provision for giving costs to the defendant in a suit, when the plaintiff shall discontinue his action, or become non-suit therein, was substantially the same in the old statute that it now is. And it has never been construed as applying imperatively to every case, where the plaintiff has chosen not to enter his suit in court. Whenever it has been made to appear that the defendant had received timely and proper notice that the suit would not be entered, he has been denied costs upon such an application as the present. And if, between the commencement of the suit and the time for entering the same in court, the cause of action has become extinguished by some act of the defendant, not operating for the plaintiff's benefit, nor done with his concurrence or assent, we think the defendant should not have costs upon such an application. To award costs in such a case would be to punish the plaintiff for not entering his action, when, without his fault, and solely by the act of the defendant, he had become disabled to prosecute it to any beneficial purpose.

Judgment of county court affirmed.