## PORTER GRIFFIN *v.* WILLARD FARWELL.

The action of trespass on the case lies, in general, where one man sustains an injury by the misconduct of another, for which the law has provided no other adequate remedy.

Where a party sues out a writ, returnable before a justice of the peace, and causes it to be served upon the defendant therein named, and then, after the defendant has incurred expenses in making preparation for his defence, gives legal notice of the discontinuance of the suit, and such notice as the defendant, under the decisions in this state, is bound to regard, the defendant may sustain an action of trespass on the case against the plaintiff in that suit, and is entitled to recover at least to the extent of the taxable costs, which he had incurred in preparing his defence.

TRESPASS ON THE CASE. The plaintiff declared as follows;—

" For that, to wit, on or about the first day of May, 1845, at West-
' haven in the county of Rutland, the defendant, without any cause of
' action, prayed out a writ of attachment in his favor against the plain-
' tiff, in due form of law, signed by William C. Kittridge, justice of
' the peace in and for the county of Rutland aforesaid, and returna-
' ble before said justice Kittridge, at Westhaven aforesaid, on the
' second day of June, 1845; and afterwards, to wit, on or about the
' fifteenth day of May, 1845, the defendant procured the said writ

' to be legally served on the plaintiff, at Fairfax in the county of
' Franklin, by Reuben Dewey, who then was and still is legal con-
' stable of the town of Fairfax aforesaid, by arresting the body of
' the plaintiff thereon ; and after the service of said writ on said
' plaintiff, and before the return day thereof, he, the plaintiff, incur-
' red great costs and expenses and charges in procuring evidence,
' taking depositions and retaining counsel to defend said suit, to wit,
' the sum of twenty dollars; and after the plaintiff had incurred the
' said costs and expenses, as aforesaid, and before the return day of
' said writ, to wit, on the thirtieth day of May, 1845, the defendant,
' without the consent of the plaintiff, and against his will, and with a
' view to prevent the plaintiff from recovering his said costs, so in-
' curred in preparing to defend said suit, as aforesaid, withdrew and
' discontinued his said suit against the plaintiff, and neglected and
' refused to return said writ to said justice *Kittridge*, and wholly
' neglected and refused to enter and prosecute his said suit against
' the plaintiff; whereby the plaintiff was prevented from recovering
' before said justice Kittridge his said costs, so by him incurred as
' aforesaid ; and that the defendant has hitherto neglected and re-
' fuesd to pay said costs to the plaintiff."

To this declaration the defendant demurred generally. The
county court, April Term, 1846,—Royce, J., presiding,—adjudged
the declaration sufficient; to which decision the defendant excepted.

*O. Stevens* and *H. Edson* for defendant.

1. The declaration is defective, in not alleging all that is neces-
sary to sustain the action. It is not alleged, that the original cause
of action was within the jurisdiction of the justice, before whom the
suit was commenced; nor that the suit was commenced without
probable cause, or with malicious intent.

2. The declaration should contain certainty. It does not allege,
that the notice of discontinuance was in writing, nor that the plain-
tiff in this suit appeared at the time and place of trial in the original
suit and that the writ had not been returned; neither is it averred,
that the original writ was ever in the possession of this defendant ;
for aught that appears, the neglect to return the writ might have
been the fault of the officer.

*M. Scott*, for plaintiff, insisted, that the facts alleged in the dec-
laration, and admitted by the demurrer, sufficiently show, that the
plaintiff had suffered an injury; and that for this wrong the plaintiff
had no adequate remedy, except by this form of action.

The opinion of the court was delivered by

HALL, J.   This action is perhaps of new impression; but that, of itself, is no objection to sustaining it.   The action on the case is peculiarly adapted to the redress of injuries arising from any new relations, in which parties may be placed by the varying changes in society and business, whether arising from statutory provisions, or otherwise.   It is held to lie, in general, where one man sustains an injury by the misconduct of another, for which the law has provided no other adequate remedy.   *Ashley* v. *White,* Ld. Raym. 38. *Chapman* v. *Pickersgill,* 2 Wils. 146.   *Pasley* v.*Freeman,* 3 T. R. 63.   Willes 577.   *Langridge* v. *Levy,* 2 Mees. & Welsb. 519.

By the Revised Statutes, chap. 15, sec. 33, it is provided, that if a party causes a process to be served, and shall discontinue his suit, or be nonsuited, the court, to which the process is made returnable, shall give judgment for the defendant to recover reasonable costs. By the terms of this statute it would seem to have reference to the withdrawal of a suit, after it has been entered in court.   But, by an equitable construction, a defendant, where the process has not been returned, has, in the supreme and county courts, been allowed, on complaint and filing a copy, to have judgment for his costs.   Perhaps such may have been the practice in justice courts, to a limited extent; and upon the validity of such a judgment no opinion is intended to be expressed.   It is obvious, however, as has been well urged by the plaintiff's counsel, that such a remedy, if it exist in a justice court, is a very imperfect one.   A justice court, unlike the county and supreme courts, has no stated term, to which the party may repair with a certainty to find it in session.   If a plaintiff notify the justice, that the suit will not be prosecuted, he is not likely to be at the place set for trial at the hour appointed, but may be miles from there and wholly inaccessible to the defendant.   When notice of the discontinuance of a suit is given to the defendant before the day of trial, he cannot obtain the costs already incurred, without being at additional expense, for which he may have no security, even were he sure of finding the justice at the time and place of the return of the writ.

In the present case we are to take it, from the declaration, that the defendant did, before the day set for trial, receive legal notice of a discontinuance,—such notice, as, under the decision in *Mead* v.

20

*Arms,* 2 Vt. 180, he was bound to regard, and under which he could not be expected to incur the additional expense of travelling a hundred miles to the place set for trial, to obtain a taxation of his costs,—with every reasonable apprehension, that, when he arrived there, he would find no court in session to tax them.　By the wrongful acts of the defendant in bringing and discontinuing the suit, the plaintiff was injured at least to the extent of the taxable costs he had incurred in preparing his defence ; and for which injury, he having no other adequate remedy, we think he is entitled to one in his action on the case ; and we accordingly affirm the judgment of the county court.