### Sewall Fullam *v.* Levi Ives.

#### Costs.  Practice.

*It seems* that where a suit is discontinued before the return day, and no costs have been incurred by the defendant before receiving *verbal* notice of the discontinu-ance, the question whether he may come in and have judgment for costs is one resting wholly in the discretion of the court.

This discretion was properly exercised in this case, the plaintiffs, both nominal and real, having sent the notice by the defendant's daughter, which she delivered to the defendant, who was himself an attorney.

COMPLAINT FOR COSTS.  It was proved that a writ in the name of said Ives, as plaintiff, against said Fullam, returnable to the May Term, 1864, of Windsor County Court, was duly served on said Fullam ; that said suit was not entered in court ; that Fullam in the course of the week next preceding said May Term was verbally no-tified that the suit would not be entered, and that it was dropped ; that Fullam is an attorney and accustomed to attend regularly the terms of the county court in Windsor County.  The only question was whether *verbal* notice was sufficient.

Upon these facts the court, at the December. Term, 1864, BAR-RETT, J., presiding, rendered judgment that said complaint be dis-missed with costs,—to which the complainant excepted.

*Sewall Fullam,* for the complainant.

*Frederick C. Robbins* for the defendant.

POLAND, Ch. J.  The statute provides that, " if any person shall cause process to be served on another for any matter or cause, and discontinue his suit, or be non-suit therein, or when such suit shall be abated and dismissed for want of jurisdiction, the court to which

such process is made returnable shall give judgment for the defendant to recover reasonable costs." G. S. 267, § 42. In *Griffin* v. *Farwell*, 20 Vt. 153, it was said by HALL, J., "By the terms of this statute it would seem to have reference to the withdrawal of a suit, after it has been entered in court. But by an equitable construction, a defendant, where the process has not been returned, has, in the supreme and county courts, been allowed on complaint and filing a copy, to have judgment for his costs." The term *reasonable costs*, used in the statute, must be construed to cover such costs as have already accrued to the defendant when the suit was discontinued, and such as the party is reasonably compelled to make afterwards to secure and protect his just rights. In *Mead* v. *Arms*, 2 Vt. 180, it was decided that where a plaintiff discontinued his suit before the return day, and gave the defendant a written notice of such discontinuance, that the defendant was not entitled to file his complaint and obtain a judgment for costs. It was said in that case that if the defendant had already incurred costs before notice of discontinuance, such costs must be paid or tendered to him, or else he would be entitled to come in and claim a judgment for costs.

We are now called upon to decide, that in every case where a suit is discontinued before the return day, and where no costs have been incurred by the defendant before receiving notice of such discontinuance, the defendant is entitled to come in and claim a judgment for costs, unless such notice was in writing; and to make this a rule of strict legal right, without reference to whether such claim is reasonable, or unreasonable.

In *Hill* v. *Dunlap*, 15 Vt. 645, it was decided that where verbal notice of the discontinuance of a suit was given, before the commencement of another suit for the same cause of action, the former suit was ended, and furnished no reason for abating the second.

In giving the opinion in that case, REDFIELD, J., said the only necessity for a notice in writing of a discontinuance was to prevent the defendant from making a claim for costs, and that if such notice was verbal only, it was wholly within the discretion of the court whether to give the defendant costs or not. It is said that this was not a point in judgment in that case, and therefore not authority, but we think it may fairly be said to be evidence of the then opinion

of the court; at least it is evidence of the opinion of one long familiar with the course of legal practice and decision in our courts, and entitled to consideration.

In *Clark* v. *Scofield*, 16 Vt. 699, the plaintiff brought a suit against the defendant, but after the service of the writ, the defendant filed his petition in bankruptcy, and was declared a bankrupt. The plaintiff did not enter his suit and the defendant entered his complaint for costs; no notice whatever had been given him of the discontinuance. The county court refused to allow costs to the defendant, and that judgment was affirmed in the supreme court. The reason given was, that the defendant, after doing an act himself which would constitute a defence to the action, could have had no reasonable ground to suppose the plaintiff would enter and prosecute his suit.

Since the decision in *Mead* v. *Arms*, it has been considered settled that where written notice of a discontinuance of a suit is given, and no costs have then accrued, the defendant has no right to come in and claim costs, and the general practice in such cases has been to give notice in writing. This is certainly the safer and more advisable course, and the only one that can insure the plaintiff against the payment of costs to the defendant, if he comes in and claims costs.

It has to some extent been supposed that the case of *Mead* v. *Arms* decided correlatively that unless the notice was in writing, the defendant was entitled to costs as a matter of strict right. But the case does not decide this, and this view of its force has by no means been the universal, or even general understanding of the profession. The argument in favor of this strict and absolute requirement of a notice in writing is that the defendant may not be safe in acting upon a verbal notice, that if he stays away from court the plaintiff may enter his suit and take a judgment by default. But the plaintiff may do precisely the same if his notice is in writing. It is not claimed but that a judgment thus obtained, after a notice of discontinuance in either mode, would be set aside upon *audita querela*, but it is said that the party in the one case has better and more reliable evidence than in the other. But this depends much upon the manner in which the verbal notice is given, and the means of proving it. If such a fraud is practised it is immediately known, and is not like a

case where a party may need to preserve his evidence to meet a claim that may arise years afterwards. The objection we think is more fanciful than real. The true rule we think is that stated by Judge REDFIELD, that in such case, it rests wholly in the discretion of the court whether to allow costs.

If the notice was so given that apparently the defendant could have had any fair reason to believe that it would not be acted upon by the plaintiff, or was not given with such authenticity, or publicity, that the defendant could make it available, then he should be allowed to appear and see whether the suit was discontinued, and be allowed his costs. On the other hand if the notice is such that the defendant has reason to suppose it given in good faith, and is given in such a direct and authentic manner, as to render it apparent that he could have had no reasonable doubt of his safety in acting upon it, and where his conduct in coming in to claim costs is evidently a mere wanton attempt to get a bill of costs out of the plaintiff, he should not only not be allowed costs, but made to pay the costs of the plaintiff made in opposition to his claim.

The decision in *Clark* v. *Scofield*, we think cannot be supported on any other ground. The plaintiff had not discontinued his suit nor given any notice that he should do so. Notwithstanding the defendant had been declared a bankrupt, the plaintiff might rely upon showing some defect or irregularity in his proceedings to avoid its effect. The defendant might very well say that as he had no notice the suit would not be prosecuted, he had a right to suppose he intended to do so. If the plaintiff had entered his suit and taken a judgment against the defendant, after his decree in bankruptcy, it would be no defence to the judgment, and it is difficult to see what remedy the defendant could have had, except by some application to the discretion of the court to take off the default. It seems a much stronger case than an actual discontinuance with verbal notice to the defendant, which all admit would be good ground for setting aside a judgment, if one should be taken.

These views we believe have generally been acted upon by our courts in such cases, though perhaps not universally, and we think this the safer and more practicable rule, and more likely to produce exact justice.

Fullam *v.* Ives.

If as we think this was a matter of discretion, in the county court, we have no right to revise it, but the discretion seems to have been properly exercised in this case. The defendant had notice from both the nominal, and real plaintiff, and it was given in such manner, that he could not well doubt its authenticity or good faith. His own professional employment made it necessary for him to attend court, and he knew the case had not been entered in court, before he made his complaint for costs. His attempt thus to get a bill of costs from the plaintiff was very far from reasonable, and was justly denied.

Exceptions dismissed with costs.

NOTE.—The other cases heard at the present term will appear in the next volume of Reports.