### THOMAS McGUIRE v. JAMES KIVELAND.

#### Order. Pleading. Fraud.

1. The defendant, a quarryman, gave an order on O. & Co., his employers, to pay his monthly wages to the plaintiff, for his, defendant's, monthly store bill, and to pay an old debt due the plaintiff. Notice was given to O. & Co. of the order. They refused to accept it, but did, however, pay the wages to the plaintiff for several months, then notified him that they would do so no longer, and paid directly to the defendant. O. & Co. alone were responsible for the discontinuance of the payments to the plaintiff. *Held*, that the receiving of his wages by the defendant, although he was then indebted to the plaintiff, did not amount to a tort; and that an action brought upon the theory that the defendant was liable as for a tort could not be maintained, as the element of fraud was lacking.
2. *Troy* v *Aiken*, 46 Vt. 55, distinguished.

ACTION on the case. Heard on an agreed statement, March Term, 1883, VEAZEY, J., presiding. Judgment for the plaintiff. The defendant gave the plaintiff the following order:

" OWEN OWENS & Co.,

Please pay to Thomas McGuire the amount of my store bill due him each month from my wages, if that amount is earned by me, while in your employ, and the balance, if any, pay to McGuire & Campbell, to apply on a note given by me to them."

[ Signed ].

Agreed statement, in part:

"The plaintiff furnished goods to defendant on the strength of said order, and the said Owens & Co. paid the wages of said defendant to said plaintiff for several months, when being trusted for the wages of said defendant by some

McGuire *v.* Kiveland.

creditor of defendant, Owens & Co. gave notice to plaintiff that they would pay him no more under said order, and refused to pay said plaintiff, and thereafter paid defendant's wages to him. The said plaintiff furnished the defendant no goods and gave him no further credit after the refusal of said Owens & Co. to pay. The defendant paid plaintiff a part of his indebtedness, and at the time of bringing this suit defendant owed plaintiff $50.80. Owens & Co. paid defendant more than that amount for work after their refusal to pay plaintiff."

The other facts are stated in the opinion.

*Geo. M. Fuller*, for the plaintiff, cited *Troy* v. *Aiken*, 46 Vt. 55 ; *Thayer* v. *Kelley*, 28 Vt. 19 ; Gould Pl., p. 168.

*Bromley & Clark*, for the defendant.

The opinion of the court was delivered by

POWERS, J. It appears that defendant was in the employ of Owens & Co. as a quarryman. The defendant was indebted to McGuire & Campbell for goods. The firm of McGuire & Campbell was dissolved, and this plaintiff, Thos. McGuire, succeeded to the business of that firm. The defendant desired to continue his purchases of goods for his current needs after the dissolution ; and to secure McGuire for goods he might thereafter supply, gave an order upon Owens & Co. to pay the plaintiff the amount of his monthly store bill out of his monthly wages. The plaintiff gave Owens & Co. notice of this order, but Owens & Co. refused to accept the order. Owens & Co., however, paid the defendant's wages to the plaintiff for several months ; but finally notified the plaintiff that they would do so no longer. After this notice Owens & Co. paid the defendant's wages to defendant, and after said notice McGuire ceased to supply the defendant with goods. This action is brought against the defendant upon the theory that he is liable to the plaintiff as for a tort to the extent of the unpaid balance due the plaintiff for these goods. The refusal of Owens & Co. to continue the payment of the defendant's wages to the plaintiff was not prompted by the defendant. So far as the defendant was concerned it does not appear but that he was content that the order to pay the plaintiff should continue in force against Owens & Co. Owens & Co. alone were responsible for the discontinuance of

these monthly payments. The fact that the defendant received his monthly wages from Owens & Co. afterwards does not amount to a tort as to the plaintiff; he did not receive the plaintiff's money—it was his own. So long as Owens & Co. paid to the plaintiff these wages, such payment was good against the defendant; but the plaintiff held no binding obligations against Owens & Co. to so pay, as they refused to enter into such obligation. The order was merely a request from the defendant to Owens & Co. to pay to the plaintiff, leaving it for them to comply or not as they might elect.

When, therefore, Owens & Co. refused longer to comply, the defendant might take his own wages without being guilty of any fraud upon the plaintiff's rights.

The case is not like *Troy* v. *Aikens*, 46 Vt. 55, relied upon by the plaintiff. In that case the defendant misappropriated to his own use a promissory note issued by the town, and the town was thereby compelled to pay the same.

Here the defendant has not misapplied any money or other valuable thing of the plaintiff; and so the element of fraud is lacking.

The conclusion we reach does not debar the plaintiff from maintaining an action *ex contractu* to recover the balance his due.

The judgment is reversed, and judgment that this action on the case cannot be maintained, and for defendant to recover his costs.