# NATHAN T. SPRAGUE

## v.

# WILLIAM C. FLETCHER.

OCTOBER TERM, 1894.

*Sale of bank stock for taxes. Demurrer.*

1. To support an action on the case, the facts, well pleaded, must show an invasion of a legal right of the plaintiff, with a proper allegation of injury, or the invasion of such a right that the law implies some resulting injury.

2. The only manner in which bank stock can be sold in satisfaction of a tax is that pointed out in No. 11, Acts of 1882, and to allege that the defendant, as tax collector, having in his hands a regular warrant for the collection of a tax against the plaintiff, levied upon and sold the plaintiff's stock in satisfaction of said tax, sets forth that the plaintiff was divested of his title to his stock.

3. But to say that the defendant, as tax collector, held a *pretended* tax against the plaintiff is not an allegation that he held such warrant.

Action on the case. The declaration contained ten counts, of which five were in trover, in the common form, and five, viz., the first, third, fifth, seventh and ninth, with special counts in trespass on the case. The defendant filed a general demurrer to each of the five special counts. Heard upon such demurrer at the March term, Rutland county, 1894, MUNSON, J., presiding. The court overruled the demurrer and adjudged the counts sufficient, to which

the defendant excepted. Exceptions certified to the supreme court before trial in the county court.

The five counts demurred to were in substance the same, and each was as follows:

" In a plea of trespass on the case, for that the defendant, on the seventeenth day of January, 1894, at Brandon, in the county of Rutland, was the collector of taxes for the said town of Brandon, and, acting in that capacity and as such, pretended to hold a tax for collection against the plaintiff. And the plaintiff says that he, the plaintiff, was then and there the owner of and held title to one share of the capital stock of the First National Bank, of Brandon, a corporation existing by virtue of the laws of the United States, and located and having its place of business at said Brandon, at the value of two hundred dollars; and that the defendant did then and there levy upon and sell said one share of stock in satisfaction of said pretended tax, without right, whereby he, the plaintiff, was then and there divested of his title in and to said stock, and wholly lost the use and value of the same."

*J. C. Baker* and *C. M. Wilds* for the defendant.

The special counts do not state a cause of action. They do not allege any invasion of the plaintiff's ownership of the stock. The plaintiff's title and possession to the stock has not been disturbed. *Clark* v. *Smith*, 52 Vt. 529; *Sowles* v. *Soule*, 59 Vt. 134.

*E. J. Ormsbee*, *C. M. Willard*, and *C. A. Prouty* for the plaintiff.

An action on the case lies for the result of a tort not committed with force, actual or implied. Chitty, Pl., *148.

At common law shares of stock could not be taken in execution, for they were not things tangible, and did not admit of a tangible possession. Cook, Stock and Stockholders, s. 480.

Prior to the passage of No. 11, Acts of 1882, bank stock

could not be levied upon and sold for taxes in this state. *Barnes* v. *Hall*, 55 Vt. 420.

It can only be levied upon now in accordance with that act, and the officer in levying upon and selling it cannot invade the manual possession of the owner, and cannot, therefore interfere with that possession. Chitty, Pl., *147, *160; *Neiler* v. *Kelley*, 69 Penn. 407; Cook, Stock and Stockholders, s. 575; *Kortright* v. *Buffalo Com. Bank*, 20 Wend. 90.

ROSS, C. J. The contention is in regard to the sufficiency of the several counts in case, demurred to. In substance they are alike. The essential facts, admitted by the demurrer are, that the defendant was a collector of taxes, acting in that capacity, and pretended to hold a tax for collection against the plaintiff; that the plaintiff was the owner of bank stock of value, and that the defendant levied upon and sold the bank stock, without right, in satisfaction of the pretended tax. The allegation, "whereby the plaintiff was divested of his title to the stock and wholly lost its use and value," is the conclusion of pleader.

To be justified it must be supported by sufficient, proper allegations, antecedently pleaded, so that the court can see that the conclusion of the pleader is one which the facts already set forth will uphold.

To support an action on the case the facts, well pleaded, must show an invasion of a legal right of the plaintiff, either with a proper allegation of injury, or the invasion of such a right that the law implies some resulting injury. *Griffin* v. *Farewell*, 20 Vt. 151; *Troy* v. *Aiken*, 46 Vt. 55. The right alleged to have been invaded was the plaintiff's right in and to the shares of bank stock. This is an intangible right, incapable of manual possession. It can be invaded, in the collection of a tax, only in the manner prescribed by Sec. 2, of Act No. 11, of the Laws of 1882.

This act requires that the collector, after duly advertising and selling the stock, shall leave with the clerk of the corporation a copy of his warrant with his return of his doings thereon, giving a description of the property distrained, and the character and amount of the tax. When the collector has done this, it is made the duty of the proper officer of the bank to transfer the stock to the purchaser, and issue to him a certificate thereof. If the allegations of the facts, well pleaded, show all this to have been done without right, they show such an invasion of the plaintiff's right to the stock as will support an inference of loss by the plaintiff.

The allegation, that the defendant levied upon and sold the plaintiff's stock without right, in satisfaction of the pretended tax, is sufficient to show that the collector did what the law requires to be done to make a levy and sale, if supported by an antecedent allegation that the defendant, in his capacity as collector, had in his hands for collection against the plaintiff a tax bill and warrant, legal in form, although invalid, because the tax was not legally assessed. The only allegation that the defendant as collector had in his possession for collection such a tax bill, with a proper warrant for its collection, is that as collector he "*pretended* to hold a tax for collection against the plaintiff." A *pretence* is a show, or a holding forth in form, something which does not, in fact, exist. This allegation then is, that the defendant claimed, or made a show of holding a tax for collection against the plaintiff, when he did not hold any, in fact. It falls short of alleging that he held against the plaintiff, for enforcement, a tax bill, with a warrant for its collection, in form regular and valid, but invalid for reasons which did not appear upon the face of the papers. Such a tax might possibly be characterized as a pretended tax. But an allegation that the defendant held a pretended tax is entirely different from the allegation that be pretended to hold a tax. A demurrer to the former would admit that he held a tax, in

form, though claimed to be invalid; to the latter that he claimed, or made a show, of holding a tax which he did not hold. If by this allegation the pleader meant that the defendant held a pretended tax, it cannot be given that meaning, as the other is the proper one on the sentence as framed by the pleader, and his language must be taken most strongly against him. In this particular all the counts are lacking in substance.

*Judgment reversed, demurrer sustained, counts adjudged insufficient, and cause remanded.*