GEORGE H. WOODS, admr., *vs.* EUGENE H. DARLING.

May Term, 1899.

Present: TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed June 14, 1899.

*Discontinuing Defective Suit.*—In this State the rule has always been that where a suit has been commenced by process which is defective, it may be discontinued, even by oral notice, and thereupon a second suit may be brought, which shall not be considered vexatious.

*Abatement—Pendency of Former Action.*—A writ was made returnable to a stated term of the county court, but was duly entered within twenty-one days from its date. The defendant's attorney appeared and filed a motion to dismiss because the writ directed the defendant to appear within twenty-one days from its date, instead of forty-two days as the statute requires. Thereupon the plaintiff, in vacation, discontinued the

first suit and gave the defendant written notice thereof, and then commenced the present suit, before action had been taken by the court upon the first. *Held*, that the second action was not abated by the first.

BOOK ACCOUNT. Pendency of former action pleaded in abatement. Traverse. Heard on an agreed statement at the December term, 1898, Orange county, *Rowell*, J., presiding. Plea overruled. The defendant excepted and the cause was passed directly to this court.

*Darling & Darling* and *George L. Stow* for the defendant.

If the action of assumpsit, entered in court September 29, 1898, was pending and undetermined therein when the present action of book account for the same cause was commenced, the former abates the latter. *Hill* v. *Dunlap*, 15 Vt. 645; 1 Chitty Pl. 454; Gould Pl., c. V. § 122.

The first suit between these parties was pending from the moment that service of the writ therein was completed. *Hall & Chase* v. *Peck*, 10 Vt. 474; *McDaniels* v. *Reed*, 17 Vt. 674; *Stanley* v. *Turner*, 68 Vt. 315; *Howard* v. *Bartlett*, 70 Vt. 314; *Burlington* v. *Traction Co.*, 70 Vt. 491.

After suing out the writ in the first action, the plaintiff was obliged to enter it in court within twenty-one days from its date, otherwise it would abate upon motion. V. S. 1089. He did so enter it, and thus signified his intention of proceeding thereunder. The defendant was then compelled to enter his appearance, to save a judgment by default. V. S. 1090, 1092. He accordingly appeared and filed his motion to dismiss the writ before being notified of the plaintiff's intention to discontinue. The case was then out of the plaintiff's exclusive control, and could not be discontinued in vacation and without permission from either the court or the defendant. *Jenney* v. *Glynn*, 12 Vt. 480; *Conn. & Pass. R. R.* v. *Newell*, 31 Vt. 370; *Dunklee* v. *Goodenough*, 65 Vt. 257; *Gamsby* v. *Ray*, 52 N. H. 513.

It is true that by V. S. 1403 a discontinuance by the plaintiff may entitle the defendant to a judgment for costs; but until such a judgment has been rendered, is the

discontinuance perfected? This statute plainly implies that the matter of discontinuing a suit is under the control of the court.

In *Whitmore* v. *Williams*, 6 T. R. 765, it appeared that the plaintiff, after commencing an action, discovered a mistake in it, before the defendant had pleaded. He thereupon served upon the defendant a rule to discontinue, but took out no appointment to tax costs. He then brought this action, and the defendant pleaded the first in abatement. The court held that the rule to discontinue did not of itself discontinue the former action, as costs must be due the defendant thereon, for the taxation of which an appointment should have been taken out.

Under a statute in Massachusetts, similar to V. S. 1403, it was held that a discontinuance, to be effective, must appear of record. *Gilbreth* v. *Brown*, 15 Mass. 178.

Our rules of court recognize the necessity of an entry upon the docket, in order to effect a discontinuance; and, upon principle, it would seem that after a defendant has appeared and moved to dismiss, the plaintiff would not be allowed to have an entry of *"discontinued"* made *in court*, even, for that bare entry would not entitle the defendant to costs. County Court Rule, 17.

There are three cases which will probably be claimed to be opposed to our contention, viz.: *Hill* v. *Dunlap, supra*; *Downer* v. *Garland*, 21 Vt. 362; and *Kirby* v. *Jackson*, 42 Vt. 552. But they are all clearly distinguishable from the case at bar.

*Hill* v. *Dunlap* (in which it appears that the writ in the first suit was *never entered*), holds that "if the party bring a defective suit he may, upon discovering the defect discontinue that suit, and bring another, and this shall not be considered vexatious." But if, instead of discovering the defect himself, he has it pointed out for him by plea or motion, can he make the defendant's discovery advantageous to himself and a means of further cost to the defendant?

In *Downer* v. *Garland, supra,* the plaintiff's notice of discontinuance was given in term time, and the suit was discontinued accordingly, which is the contention of this defendant. But the opinion in that case misinterprets the cases. In neither *Durand* v. *Carrington,* 1 Root, 355, nor in *Hill* v. *Dunlap,* had the writ been entered in court when the plaintiff sought to discontinue his action. Moreover, that opinion gives as a reason for not treating the second suit as vexatious, that the first was manifestly ineffectual and in fact void, the justice who signed the writ being the plaintiff's attorney. Not so, however, in the case at bar. If the defendant had appeared generally in the first suit, instead of interposing his dilatory motion, a judgment in the plaintiff's favor would have been valid. *Stone* v. *Van Curler,* 2 Vt. 115; Freem. Judgt. § 120a.

*Downer* v. *Garland* merely decides that a plaintiff, in a void and therefore "ineffectual" suit, may, by giving defendant a written notice in term time, discontinue his action and bring a new one directly, if within reasonable time,—in that case, three days—an entry of nonsuit having been made on the clerk's docket. Whatever else, if anything, is contained in that opinion to indicate that a plaintiff *in vacation,* by giving a defendant a written notice, thereby at once and without further procedure discontinues his suit, is *obiter.*

*R. M. Harvey* for the plaintiff.

TYLER, J. On September 8, 1898, the plaintiff brought an action of general assumpsit against the defendant, making the writ returnable to the December term, 1898, of Orange county court; service was made upon the defendant September 9th, and the case was duly docketed September 27th. The defendant's counsel entered their appearance and filed a motion to dismiss the writ for the reason that it directed the defendant to enter his appearance within twenty-one days from its date instead of forty-two days as

the statute required. The plaintiff then, and before the service of the writ in the present action, discontinued the first suit and gave the defendant a written notice thereof. He then brought the present action to which the defendant pleaded in abatement, alleging the pendency of the former suit. The question is whether the first suit was in fact pending when the second one was brought.

The rule of the common law required the second suit to be abated upon the supposition that it was unnecessary and vexatious, and that a man ought not to be harassed by two suits pending at the same time for the same cause of action.

In New Hampshire it has been held that a plaintiff cannot before entry discontinue his suit without the defendant's consent and thus avoid a plea of a former action pending. *Bennett* v. *Chase*, 21 N. H. 570; *Gamsby* v. *Ray*, 52 N. H. 513. In the latter case the court reasoned that the law abhorred a multiplicity of suits, and that if a plaintiff might bring one suit and discontinue it he might annoy the defendant indefinitely; that under the liberal practice in that state allowing amendments it was more expedient that the second suit should abate than that the court should try the collateral question whether or not it was vexatious. *Downer* v. *Garland*, 21 Vt. 362, is, however, quoted as holding a different rule.

In this State the rule has always been that where a suit has been commenced by a process which is defective, it may be discontinued; that a second one may be brought, and that the second will not be considered vexatious; also, that the first suit may be discontinued by oral notice.

The defendant contends that, as the present statute requires cases to be docketed in vacation and appearance to be entered within a certain time, the plaintiff had no right to discontinue his case, take it out of the control of the court and prevent a hearing upon the plea or motion. We think, however, that the facts that the case had been docketed and an appearance entered afford no reason why

the plaintiff might not enter a discontinuance out of term. The case was then no longer in court to affect the right of the plaintiff to bring another suit, but it remained in the control of the court upon all questions of costs. V. S. 1403 is as follows : "If a person causes process to be served on another and discontinues his suit, or becomes nonsuit therein, or if such suit is abated or dismissed for want of jurisdiction, the court to which such process is made returnable shall give judgment for the defendant to recover reasonable costs." . . . The above section, as it stood in G. S. 267, § 42, was held to relate to suits that had been entered in court, yet by an equitable construction of the term "reasonable costs" was also held to cover such costs as had accrued to the defendant before the suit was discontinued, though before the return day, as costs for summoning witnesses or in taking depositions. In such cases the court, on complaint or petition, has power after discontinuance to render judgment for taxable costs. *Fullam* v. *Ives*, 37 Vt. 659; *Mead* v. *Arms*, 2 Vt. 180. This seems to obviate the defendant's objection to a discontinuance after the docketing and appearance. We find no occasion to apply a different rule from that laid down in *Hill* v. *Dunlap*, 15 Vt. 645; *Downer* v. *Garland, supra*; and *Kirby* v. *Jackson*, 42 Vt. 552.

*Judgment affirmed and cause remanded.*