**Robert C. GUCCIONE and Penthouse International, Ltd., Plaintiffs,**

v.

**Larry C. FLYNT, Hustler Magazine, Inc. and Flynt Distributing Company, Inc., Defendants.**

**No. 83 Civ. 8020 (RWS)**

United States District Court, S.D. New York.

Aug. 16, 1985.

Grutman, Miller, Greenspoon & Hendler, New York City, for plaintiffs; Jeffrey H. Daichman, Leonard A. Rodes, New York City, of counsel.

Anderson Russell Kill & Olick, P.C., New York City, for defendant Flynt Distributing Co., Inc.; Avraham C. Moskowitz, Duncan N. Darrow, New York City, of counsel.

Cooper Epstein & Hurewitz, Beverly Hills, Cal., for defendant Hustler Magazine, Inc.; Alan L. Isaacman, David O. Carson, Beverly Hills, Cal., and Feldman & Feldman by Stephen E. Feldman, New York City, of counsel.

David L. Kahn, Los Angeles, Cal. for defendant Larry C. Flynt; Lipsitz, Green, Fahring, Roll, Schuller & James, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendants Larry C. Flynt ("Flynt"), Hustler Magazine, Inc. ("Hustler") and Flynt Distributing Company, Inc. ("FDC") have moved once again for summary judgment under Fed.R.Civ.P. 56(b) dismissing the libel claims of plaintiff Robert C. Guccione ("Guccione"). Flynt has also moved to dismiss under Fed.R.Civ.P. 12(b) for lack of personal jurisdiction. For the reasons discussed below, the motions are denied.

This libel action has been the subject of the prior opinions of the court of April 27 and June 1, 1984 and February 1, 1985, familiarity with which is assumed. The complaint arises out of an article entitled "What a Ham" published in the November 1983 issue of Hustler about Guccione (the "Article"), the text of which is reprinted in the court's opinion of June 1, 1984. At issue is the phrase "[c]onsidering that he is married and also has a livein girlfriend, Kathy Keeton...." Guccione maintains that he was divorced before the Article was

published and that consequently the statement is false and libelous, since it accuses him of the crime of adultery.

The defendants now move for summary judgment on grounds presented to the court before, namely that Guccione has failed to create a triable factual issue on the question of actual malice and that the statement does not constitute libel because it is substantially true. In addition, Flynt once again moves to dismiss for lack of personal jurisdiction.

The June 1, 1984 opinion, concluded that despite the lack of direct evidence as to the state of Hustler's knowledge concerning Guccione's marital status at the time of the publication of the Article, "sufficient facts ... have been adduced to create a triable factual issue on the question of malice." The facts which created a triable issue as to malice consisted of evidence of long-standing animosity between the parties, prior examples of derogatory comments about Guccione in Hustler, and evidence presented in earlier litigation between the parties to the effect that Guccione was divorced from his former wife.

Now that discovery has been completed, the defendants assert that Guccione has not been able to present any evidence which raises a genuine issue of fact which would entitle them to place the case before a jury, and that as a matter of law he will be unable to meet his burden of proving by clear and convincing evidence that the Article was published with actual malice. In response, Guccione contends that the discovery that has taken place during the past year has not altered the facts in any manner that would affect the prior conclusion.

■ Although the intervening discovery has still failed to produce any direct evidence of actual malice, the circumstantial evidence discussed above is sufficient to create a triable issue for the jury as to the existence of actual malice. In *Yiamouyiannis v. Consumers U. of United States*, 619 F.2d 932 (2d Cir.1980), the Second Circuit set out the standards to be applied by trial courts in evaluating a motion for summary judgment on the "actual malice" issue:

> In a case where the defendant has moved for summary judgment on the issue of actual malice and the plaintiff claims that there remain material factual disputes, the court decides the materiality of the disputed facts by accepting the plaintiff's version and analyzing the actual malice standard. The standard requires a clear and convincing showing, which may be by circumstantial evidence, of defendant's actual state of mind—either subjective awareness of probable falsity or actual intent to publish falsely. Therefore, a judge in denying a defendant's summary judgment motion must conclude that, based on the evidence asserted in the plaintiff's affidavits, "a reasonable jury *could find* malice with convincing clarity." *Nader v. de Toledano*, [408 A.2d 31, 49 (D.C.1979) ] (emphasis in original).

619 F.2d at 940. *See also Herbert v. Lando*, 596 F.Supp. 1178, 1188 (S.D.N.Y.1984). In the case at hand, the circumstantial evidence submitted by Guccione as to the testimony in the earlier trial about the divorce, the state of relations existing between the parties, and the degree of investigation undertaken by the defendants, merit submission to the jury of the issue of whether or not the Article was published with actual malice. Although each of these factors might not be sufficient in itself to establish the existence of actual malice, *see, e.g., Hotchner v. Castillo-Puche*, 551 F.2d 910, 914 (2d Cir.1977) (evidence of animosity does not by itself prove actual malice); *St. Amant v. Thompson*, 390 U.S. 727, 733, 88 S.Ct. 1323, 1326, 20 L.Ed.2d 262 (1968) ("Failure to investigate does not in itself establish bad faith.") and the degree to which evidence of ill will is at all relevant to the issue of actual malice remains unclear, *see, e.g., Rosenbloom v. Metromedia, Inc.*, 403 U.S. 29, 52 n. 18, 91 S.Ct. 1811, 1824 n. 18, 29 L.Ed.2d 296 (1971), taken together the proffer is enough to require denial of the motion for summary judgment without prejudice to a contrary deter-

mination after the evidence has been adduced.

■ The defendants also contend that they are entitled to summary judgment on the grounds that the Article is substantially true, an argument that was specifically rejected in the June 1, 1984 opinion. They have failed to present any evidence which would justify altering this prior conclusion. As to the argument that the Article is constitutionally protected opinion because it was an editorial commentary, the mere fact that the statement in issue was made in the context of an editorial does not shield the author from liability. *See Cianci v. New Times Publishing Co.*, 639 F.2d 54, 61 (2d Cir.1980). The statement is one of fact, not of opinion, despite its inclusion in an article laden with the author's opinion.

FDC has moved for summary judgment on the grounds that Guccione has failed to present evidence that it had knowledge of the Article prior to its publication and that it acted with actual malice in distributing the Article. In support, FDC has presented uncontested affidavits from FDC officials denying any knowledge of the Article and has presented evidence of its business practices that it claims shows that it would be impossible for a national distributor to have prepublication knowledge of what is contained in the periodicals it distributes. Guccione contends, however, that the knowledge of various FDC officials and the usual business practices of distributors is irrelevant in this case because Flynt himself had prepublication awareness of and involvement in the Article and Flynt is a high level employee of FDC.

Although FDC and Flynt claim that Flynt was not an officer or director of FDC in November 1983, Guccione claims that Flynt was president of FDC at the time the Article was written and there is at the very least an issue of fact as to his position with FDC at the time the issue was published.

In support, Guccione relies on a letter allegedly signed by Flynt as president of FDC in July of 1983, a Dun & Bradstreet report on FDC as of July 13, 1983 which identifies Flynt as the chief executive, an FDC financial statement which suggested that Flynt was a high level employee of FDC after September 1983, and a letter on FDC's stationery dated January 15, 1984 which allegedly is signed by Flynt as president of FDC, as well as a reference to Flynt as FDC's president on the Magazine and Bookseller's National Distributors Directors.

■ FDC has presented affidavits and evidence which contest the accuracy of all of Guccione's evidence, and also contends that the evidence presented by Guccione is unauthenticated and inadmissible hearsay. While the admissibility at trial of most of Guccione's evidence as to Flynt's role in FDC at the relevant time remains uncertain, the letters allegedly signed by Flynt represent a proffer of non-hearsay evidence sufficient to present an issue of fact as to Flynt's connection with FDC at the relevant time.[1]

Finally, Flynt has once again moved to dismiss the complaint as to him for lack of personal jurisdiction. The April 27, 1984 opinion held that "[o]n the basis of the record before it, the court cannot determine whether Flynt transacts business as an individual in New York." The motion was denied to permit discovery on the nature of his contacts with New York. Flynt has now renewed the motion and presented evidence of his lack of involvement with New York. In response, Guccione does not address the specific issue of whether personal jurisdiction exists but instead contends that Flynt has waived his right to raise this defense.

Guccione first attempted to serve Flynt on November 13, 1983. In a motion dated December 13, 1983, Flynt moved to dismiss the summons and complaint on the grounds

---

1. Despite language to the contrary in the June 1, 1984 opinion, notice by FDC of prior lawsuits between Flynt and Guccione, standing alone, would not constitute clear and convincing evidence of actual malice on the part of FDC. *See Lerman v. Flynt Distributing Co., Inc.*, 745 F.2d 123, 140 (2d Cir.1984), *cert. denied*, — U.S. ——, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985).

**168**

that the service of process was insufficient. On December 19, 1983 service on Flynt was again attempted. In a motion dated January 16, 1984 Flynt contested the validity of that service and also claimed for the first time that in any event there was no basis for personal jurisdiction. The parties specifically agreed to treat the motions separately. Following the submission of both motions but before an opinion was delivered, Flynt conceded in a stipulation and order dated February 15, 1984 that the second attempted service was valid, but continued to contest the November 23, 1983 service. In the opinion dated April 27, 1984 I declined to consider his objections to the first attempted service because he had conceded the validity of the subsequent service of process, and "in the absence of any statute of limitations issue, or any other significance to the date of service itself" denied the motions to dismiss for improper service.

Rule 12 of the Federal Rules of Civil Procedure provides in pertinent part:

(g) *Consolidation of Defenses in Motion.* A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. *If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense* or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

(h) *Waiver or Preservation of certain Defenses.*

(1) *A defense of lack of jurisdiction over the person,* improper venue, insufficiency of process, or insufficiency of service of process *is waived (A) if omitted from a motion in the circumstances described in subdivision (g),* or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits. (Emphasis added).

In the instant case, Flynt initially moved to dismiss the summons and complaint only on the grounds that the service of process which was attempted on November 23, 1983 was insufficient. By asserting only insufficiency of service of process, Flynt waived his right to assert the defense of lack of personal jurisdiction in any subsequent motion or answer. If the service of process which was attempted on November 23, 1983 is found to be valid and thus the actual commencement of this case, Flynt has waived the right to assert the defense of lack of personal jurisdiction, and his current assertion that this court lacks personal jurisdiction will fail.

Rule 4(e) of the Federal Rules of Civil Procedure provides that service upon a party who is not an inhabitant of or found within the state may be accomplished in the manner prescribed by the statutes of the forum state. Thus, proper service upon Flynt may be accomplished pursuant to CPLR 308(2) which provides in crucial part that service upon a nonresident individual shall be made:

2. ... by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his last known residence ...

According to an affidavit submitted by Hub Broyles ("Broyles"), the process server for Guccione, he appeared at Flynt's place of business in Suite 3880, 2029 Century Park East, Los Angeles, California on November 23, 1983 and asked the receptionist if it was the offices of Larry Flynt,

Hustler Magazine, Inc. and Flynt Distributing Company, Inc. Upon being told that it was, he informed her that he had information he could only impart to a person in authority. After the receptionist placed a telephone call, a woman came out and after questioning him informed him that she would refer him to Flynt's private secretary, Monica Mitchell ("Mitchell") and stated that Mitchell was generally in charge of the office. Broyles states that he then served three copies of the summons and complaint on Mitchell. In addition, Guccione has submitted a receipt for certified mail addressed to Flynt at 364 St. Clouds, Bel Air, California, signed and dated December 2, 1983.

Mitchell submitted an affidavit in which she asserts that on November 23, 1983 she was employed by Star Temporary Personnel in Los Angeles, California and was working at an organization called Americans for a Free Press ("AFP") in a suite of offices located in Century Park East. According to Mitchell she was notified by the receptionist that a man was waiting in the reception area who claimed to have information concerning a public service campaign in which AFP was involved. She asserts that she was not employed by FDC nor did she have any responsibility to function as an assistant to Flynt. Flynt has also submitted an affidavit from Neil Adelman ("Adelman"), the Assistant General Counsel of FDC, who states that he was advised by the individuals who work at Flynt's residence in Bel Air, California that a copy of the summons and complaint was not received at his residence.

Based on the information submitted, I conclude that service of process was properly effected on Flynt under CPLR 308(2). Although Mitchell asserts that she was not employed by Flynt, she does not contest the assertion that the papers were actually served at Flynt's regular place of business. At the time service was performed, she was over the age of eighteen. The fact that she was not actually employed by Flynt does not necessarily render her a person of unsuitable discretion. The term

"discretion" denotes "the capacity and maturity to act wisely and prudently", *City of New York v. Chemical Bank*, 122 Misc.2d 104, 470 N.Y.S.2d 280, 286 (Sup.Ct.1983), and a determination of suitability must be made on a case-by-case basis. In the present case, despite Mitchell's apparent lack of a formal relationship with Flynt, she was a person of suitable age and discretion and service was proper. Even if Mitchell came to the reception area believing that Broyles was there to see her on AFP business, there is no evidence that Broyles himself attempted to mislead her.

Flynt has not directly challenged Broyles assertion that he was specifically directed to Mitchell as someone connected with Flynt and in a position of authority by the receptionist and an unidentified woman. In addition, based on the information submitted, it appears that Broyles would have complied with the requirements of the statute if he had simply left the summons and complaint with the receptionist. Mitchell's presence in Flynt's office reception area on November 23, 1983 and her employment by an organization apparently using Flynt's offices, when coupled with the uncontested fact that Broyles was specifically directed to Mitchell as a person in charge of Flynt's affairs, is sufficient to support the conclusion that she was an individual capable of proceeding in an appropriate manner. As to the mailing requirement of CPLR 308(2), the presumption of receipt of properly mailed materials renders ineffective Flynt's attorney's denial of receipt. *See Engel v. Lichterman*, 95 A.D.2d 536, 467 N.Y.S.2d 642 (2d Dept.1983). Flynt's motion is denied with leave to renew at trial upon the presentation of additional factual information pertinent to the above conclusions.

Because the November 23, 1983 service of process was proper, Flynt waived the right to raise the defense of lack of personal jurisdiction when he raised only the defense that service of process was defective in his initial motion to dismiss. Therefore, Flynt's current assertion that this court lacks personal jurisdiction fails.

For the reasons discussed above, the motion for summary judgment and to dismiss for lack of jurisdiction are denied. The case will proceed to trial on August 26, 1985.

IT IS SO ORDERED.