Robert C. GUCCIONE, Plaintiff,

v.

Larry C. FLYNT, Hustler Magazine and Flynt Distributing Company, Inc., Defendants.

No. 83 Civ. 8020(RWS).

United States District Court, S.D. New York.

Sept. 17, 1985.

---

2. In the event that a hearing is not commenced within one hundred twenty days from the date of this Order, this Court will issue an Order to Show Cause why the Secretary should not be held in contempt of this Court, and a hearing on the matter shall be held within fifteen days from the issuance of said Order to Show Cause.

3. Accordingly, the petition for writ of mandamus is denied, and this cause is dismissed, there being no further action contemplated.

## MEMORANDUM OPINION

SWEET, District Judge.

Defendants Larry Flynt ("Flynt") and Flynt Distributing Company ("FDC") have moved for reconsideration of this court's opinion dated August 16, 1985 denying Flynt's motion to dismiss the charges against him for lack of personal jurisdiction and FDC's motion for summary judgment, familiarity with which is assumed. FDC has also moved in the alternative to exclude certain evidence at trial. For the following reasons, Flynt's motion to reargue and for summary judgment is granted upon the papers submitted. FDC's motions are denied with leave to renew at trial.

### Flynt's Motion to Dismiss

In the August 16, 1985 opinion, 618 F.Supp. 164 (S.D.N.Y.1985), Flynt's motion to dismiss was denied on the grounds that he had waived this defense under Fed.R. Civ.P. 12(g) and (h) when he failed to raise it in the first motion he filed challenging the sufficiency of service of process. Upon examination of the authorities cited on the motion to reargue, I conclude that Flynt's motion to dismiss for lack of jurisdiction was also appropriately before this court and should have been addressed. Flynt both raised and briefed the defense of lack of personal jurisdiction in the January 16, 1984 motion which was filed and fully submitted before this court ruled on the December 12, 1983 motion. In *Sunrise Toyota, Ltd. v. Toyota Motor Co.*, 55 F.R.D. 519 (S.D.N.Y.1972), the court recognized the inapplicability of the waiver provisions of Rule 12(g) and (h) in a similar situation:

> Plaintiff has asserted that because defendants did not join their motions in one set of motion papers they must be deemed to have waived their second set of motions under rule 12(g). Plaintiff did enter into two stipulations adjourning both motions. (Stipulations filed and so ordered May 12, 1971 and May 25, 1971). Moreover, both motions were heard at the same time on June 8, 1971 (motions 78 and 80 on Motion Calendar). Had

plaintiff wished to urge waiver it should have done so at once. Since both motions were argued together and are jointly submitted to the court, there is no issue of dilatory motion practice or unfairness to plaintiff, and the policy of Rule 12(g) is in no way frustrated. As Judge Bonsal observed in *Silver v. Countrywide Realty, Inc.,* 39 F.R.D. 596, 599 (S.D.N.Y.1966), "[N]o waiver will result where the new ground is raised shortly after the Notice of Motion and well before the hearing." *See also MacNeil v. Whittemore,* 254 F.2d 820, 821 (2d Cir.1958). Accordingly, both motions are timely and properly before the court.

55 F.R.D. at 528 n. 4. This reasoning is equally applicable in the present situation, despite the fact that the two motions were separately submitted without argument.

■ Guccione did not raise the issue of waiver at the time of the January 16, 1985 motion when Flynt first asserted the jurisdictional defense, but instead chose to address the merits of the defense. The waiver argument was not raised until Flynt renewed his motion to dismiss at the conclusion of discovery. Even assuming that raising the defense in the January 16 motion did not "cure" any waiver, Guccione's failure to raise the waiver argument in itself constitutes a "waiver of these technical objections" under Rule 12(g) and (h), *Mutual Life Ins. Co. v. Egeline,* 30 F.Supp. 738, 740 (N.D.Cal.1939), particularly in light of the fact that when the court ruled on the motions in the April 27, 1984 opinion, Flynt was expressly granted leave to renew his motion at the close of discovery.

Because upon reconsideration Flynt did not waive his right to raise the issue of lack of jurisdiction, the merits of his renewed motion to dismiss must be addressed. In the April 27 opinion, this court found that personal jurisdiction over Flynt was appropriate under N.Y.C.P.L.R. § 302(a)(2) and (3) with respect to Guccione's claim of invasion of privacy and Penthouse's copyright infringement claim. Because these claims were subsequently

dismissed, however, the grounds set out in the opinion for maintaining jurisdiction over Flynt no longer exist, since CPLR § 302(a)(2) and (3) are expressly inapplicable to a defamation action. The April 27 opinion also held that on the basis of the record presented it was not possible to determine if Flynt transacted business as an individual in New York and was thus subject to jurisdiction under § 302(a)(1). Discovery was therefore permitted to determine whether the plaintiffs could establish sufficient facts to justify the exercise of personal jurisdiction over Flynt.

Although Guccione bears the burden of establishing jurisdiction, *Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 762 (2d Cir.1983), he did not present any arguments challenging the merits of Flynt's renewed motion, choosing instead to rely on the defense of waiver. Based on the information submitted by both parties at the time of the original motion to dismiss and by Flynt in support of the present motion, this court does not have personal jurisdiction over Flynt under New York's long-arm statute.

■ As noted in the April opinion, unless sufficient facts are established to justify piercing the corporate veil for jurisdictional purposes, personal jurisdiction may not be exercised over Flynt as a result of the activities of FDC and Hustler in New York, since Flynt's alleged status as sole shareholder is not enough. *See Ferrante Equipment Co. v. Lasker-Goldman,* 26 N.Y.2d 280, 309 N.Y.S.2d 913, 258 N.E.2d 202 (Ct.App.1970). Guccione has made no showing upon this motion for summary judgment that would justify piercing the corporate veil. Although he asserts that both Hustler and FDC are essentially shell corporations completely dominated by Flynt, he has failed to produce sufficient facts to support this claim. Because jurisdiction over Flynt as an individual may not be premised on any actions taken by the corporations with which he is allegedly involved, Guccione has failed to establish any basis for the exercise of personal jurisdiction over Flynt. Accordingly, Flynt's re-

newed motion for summary judgment dismissing the complaint for lack of personal jurisdiction is granted.

The issue of the admissibility of the evidence submitted by Guccione on the question of FDC's liability based upon Flynt's control will be reserved for trial. FDC's motions to exclude evidence and for summary judgment are therefore denied with leave to renew upon trial.

IT IS SO ORDERED.