Bruce E. COMMITTE, Plaintiff,

v.

DENNIS REIMER CO.,
L.P.A., Defendant.

No. 2:92–CV–223.

United States District Court,
D. Vermont.

Aug. 10, 1993.

Bruce E. Committe, pro se.

Frederick G. Cleveland, Glenn C. Howland, McKee, Giuliani & Cleveland, Montpelier, VT, Dennis Reimer, Dennis Reimer Co., L.P.A., Twinsburg, OH, for defendant.

## OPINION AND ORDER

PARKER, Chief Judge.

*Pro se* Plaintiff Bruce E. Committe brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692–1692o, alleging that Defendant Dennis Reimer Co., L.P.A. violated the FDCPA in attempting to collect a debt owed by Plaintiff. He also seeks recovery for unfair trade practices under Vermont law. This Court has subject matter jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction). Presently before the Court are Plaintiff's motion for summary judgment on the two counts contained in his complaint, Defendant's motion for summary judgment on the ground of lack of personal jurisdiction, and Plaintiff's motion for Rule 11 sanctions. For the reasons that follow, both summary judg-

ment motions are denied. Plaintiff's Rule 11 motion is granted.

## BACKGROUND

Plaintiff purchased a condominium in Cleveland, Ohio in 1984, for which he signed two notes and related mortgage security agreements. As of the filing of his complaint, Plaintiff's debt remained unpaid. Defendant is an Ohio law firm engaged by the Resolution Trust Corporation ("RTC") to foreclose on the property and collect the mortgage debt owed by Plaintiff. In September 1991 Defendant filed a foreclosure action on behalf of RTC against Plaintiff in the Court of Common Pleas of Cuyahoga County, Ohio.

While the forfeiture action was pending, an employee of Defendant named Beverly spoke by phone during work hours with Brigid Landler, a woman with whom Plaintiff worked at the University of Vermont. Beverly sought to obtain information regarding the location of Plaintiff's wife from Ms. Landler in order to notify her of the foreclosure action in Ohio. Plaintiff is not now, nor has he ever been, married. Plaintiff alleges that during the course of this conversation, Defendant's employee improperly conveyed information regarding a debt owed by Plaintiff, thereby violating 15 U.S.C. § 1692c(b). Plaintiff further alleges that this conduct violates the Vermont Consumer Fraud Act, 9 V.S.A. §§ 2451–2480g.

## DISCUSSION

I. Standard of Review for Summary Judgment

A district court will grant summary judgment upon its determination that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In making this determination, all inferences must be drawn and all ambiguities resolved in favor of the non-moving party. *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir.1988). The burden of proving the absence of an issue of material fact rests with the moving party, and failure to make such proof must result in the denial of the motion

by the Court. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## II. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment in its favor on the ground that this Court lacks personal jurisdiction over Defendant. Plaintiff argues that this Court does have personal jurisdiction over Defendant, or alternatively, that Defendant has waived its defense of lack of personal jurisdiction.

Unlike subject matter jurisdiction, which is a statutory and constitutional prerequisite to a court's ability to entertain a legal action, personal jurisdiction is a personal right arising from the Due Process Clause, and is therefore waivable. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites,* 456 U.S. 694, 702–03, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). Personal jurisdiction may be found waived in a number of situations, such as through stipulations or consent agreements between parties, state procedures finding constructive consent, or through estoppel. See cases cited in *Compagnie des Bauxites,* 456 U.S. at 703–04, 102 S.Ct. at 2104–05.

Personal jurisdiction may also be waived for failure to follow certain requirements of the Federal Rules of Civil Procedure. Specifically, Rule 12(h)(1)(A) provides that the defense of lack of personal jurisdiction is waived if a party makes a motion pursuant to Rule 12, but fails to raise the defense of lack of personal jurisdiction in the initial motion. *See also Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 868 n. 1 (2d Cir.1992) (FDCPA case).

This is precisely the situation in the instant case. Although Defendant did plead the affirmative defense of personal jurisdiction in its answer to Plaintiff's amended complaint, Defendant moved on August 8, 1992 to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The defense of lack of personal jurisdiction was not included in this motion, and is therefore waived pursuant to Rule 12(h)(1)(A). Defendant's motion for summary judgment on the ground that this Court lacks personal jurisdiction over Defendant is denied.

## III. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment on the ground that he is entitled to judgment as a matter of law. Defendant asserts that the affidavit Plaintiff submits in support of his motion is inadmissible hearsay, and that the evidence otherwise fails to establish a violation of the FDCPA.

### A. FDCPA Claim

The FDCPA was enacted in 1977 "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices...." S.Rep. No. 382, 95th Cong., 1st Sess. 1 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. Among the most important protections of the FDCPA are its restrictions on communications between debt collectors and debtors. At issue in the instant case is the FDCPA's prohibition on communications by a debt collector with a third party regarding the debtor's[1] debt. Section 1692c(b) of title 15 states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Section 1692b, referenced in section 1692c(b), allows communications by the debt collector with a third party for the limited purpose of obtaining information about the

---

1. In fact, the FDCPA uses the term "consumer" to refer to those obligated to pay any debt. *See* 15 U.S.C. § 1692a(3). The Court believes the word "debtor" more readily conveys the appropriate meaning and will use the term interchangeably with "consumer."

debtor's location. The contents of these communications are strictly limited, however, and the debt collector is not permitted to disclose that the debtor owes any debt. 15 U.S.C. § 1692b(2). The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

Before examining the merits of Plaintiff's motion, the Court addresses Defendant's assertion that the information contained in Plaintiff's affidavit submitted in support of his motion for summary judgment is hearsay that does not fall within any of the hearsay exceptions found in the Federal Rules of Evidence.

■■■ Federal Rule of Civil Procedure 56(e) requires that affidavits supporting and opposing a motion for summary judgment be made on personal knowledge and set forth facts that will be admissible in evidence should the matter go to trial. This rule is not a blanket prohibition on hearsay in affidavits submitted in support of a summary judgment motion. Rather, such documents may be relied on by the Court if the information therein falls within one of the exceptions to the prohibition of the admission of hearsay into evidence. *See H. Sand & Co. v. Airtemp Corp.*, 934 F.2d 450, 454–55 (2d Cir. 1991).

The affidavit at issue is appended to Plaintiff's motion for summary judgment and contains a photocopy of the telephone message slip written by Brigid Landler to Plaintiff after the conversation with Defendant's employee. The message states, "Notice of foreclosure being served on your WIFE!! Told Beverly you are unmarried. She had Canal St., Winooski address." (Aff. of Bruce E. Committe ¶ 1, Pl.'s Mot. for Summ. J., Ex. 1.)

Defendant opposes use of this affidavit for the purpose of deciding the motion for summary judgment, asserting that it contains inadmissible hearsay. Plaintiff asserts that the affidavit is admissible under an exception to the hearsay prohibition. Specifically, he asserts that the affidavit is admissible as a present sense impression, Fed.R.Evid. 803(1); a business record, Fed.R.Evid.

803(6); or under the "catch-all" exception to the hearsay rule, Fed.R.Evid. 803(24).

■■■ The Court need not address either party's arguments, however, because the statement at issue in Plaintiff's affidavit is not hearsay. The Federal Rules of Evidence define hearsay as "a statement ... offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Brigid Landler's phone message to Plaintiff is not being offered to prove that Plaintiff is married or that notice of foreclosure was being served on his wife. The statement is instead being offered to prove that improper information was conveyed to a third person in violation of the FDCPA.

As such, the situation is very similar to statements offered in defamation lawsuits to which objection is made on the ground that the statements are hearsay. In defamation cases, as is the case here, the utterance is an operative fact that gives rise to legal consequences. *See* 4 Jack B. Weinstein, *Weinstein's Evidence* ¶ 801(c)[01] (1992). Because Plaintiff is attempting to introduce the statement to prove that it was made, rather than to prove the truth of the matter asserted, the statement is not hearsay and will therefore be used by the Court in evaluating the merits of Plaintiff's FDCPA claim.

In order to prevail on his section 1692c(b) claim, Plaintiff must show that a communication regarding his debt was made to a third party. Because the admissible information submitted by Plaintiff is insufficient to prove this element, Plaintiff's motion for summary judgment is denied.

■■■ In this Court's previous opinion in this matter regarding Defendant's 12(b)(6) motion, *Committe v. Dennis Reimer Co.*, No. 2:92–CV–223, slip op. at 5 (Nov. 5, 1992), the Court found that the statement that a forfeiture action was pending conveyed information regarding a debt within the terms of section 1692a(2) and therefore would be a violation of section 1692c. In ruling on a motion to dismiss, however, a court must view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In the Court's prior opinion,

therefore, the Court was required to accept the allegation in Plaintiff's complaint that the communication to Ms. Landler referred to a debt owed by him. The message in the affidavit submitted by Plaintiff, however, states only that a notice of foreclosure was being served on his wife. Viewing this evidence in the light most favorable to Defendant, as the Court is required to do on a motion for summary judgment, this affidavit fails to show that a communication regarding a debt *owed by Plaintiff* was made to a third party. His motion for summary judgment on his FDCPA count must therefore be denied.[2]

## B. State Law Claim

Plaintiff also seeks relief on a state claim supplemental to his FDCPA claim. He asserts that the conduct at issue in the above discussion is a Vermont common law tort for trespass on the case since it constitutes an unfair practice in commerce prohibited by 9 V.S.A. § 2453(a).

▆▆▆ The action of trespass on the case is a common law form of action recognized by the Vermont Supreme Court in *Griffin v. Farwell*, 20 Vt. 151 (1848), which lies when a person sustains an injury for which the law has provided no other adequate remedy. *Id.* at 153; *see generally* 1 Am.Jur.2d *Actions* §§ 22–27 (1962). Although most states have abolished actions in the form of trespass on the case, *see* 1 Am.Jur.2d *Actions* § 22, Vermont does not appear to have done so.

▆▆▆ Fortunately, the Court need not delve into the intricacies of this antiquated and questionably applicable legal theory because the statute under which Plaintiff seeks relief, Vermont's Consumer Fraud Act, does provide him with a remedy.[3] The Consumer Fraud Act provides, in pertinent part:

> [a]ny consumer ... who sustains damages or injury as a result of any false or fraudulent representations or practices prohibited by section 2453 of this title ... may sue and recover from the seller, solicitor or other violator the amount of his damages, or the consideration or the value of the consideration given by the consumer, reasonable attorney's fees, and exemplary damages not exceeding three times the value of the consideration given by the consumer.

9 V.S.A. § 2461(b). Section 2453 states "[u]nfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful," and further indicates that the preceding prohibition is to be construed using the guidance of the construction of similar terms in the Federal Trade Commission Act, specifically, 15 U.S.C. § 45(a)(1), which contains language virtually identical to section 2453(a). 9 V.S.A. §§ 2453(a), (b).

In the section of the FDCPA concerning administrative enforcement of the Act, the Act states, "[f]or purpose of the exercise by the [Federal Trade] Commission of its functions and powers under the Federal Trade Commission Act, a practice in violation of this subchapter shall be deemed an unfair or deceptive act or practice in violation of that Act." 15 U.S.C. § 1692*l*. Plaintiff therefore asserts that a violation of the FDCPA is a violation of the Federal Trade Commission

---

**2.** Plaintiff's complaint also asserts a claim for a violation of 15 U.S.C. § 1692f, although he does not address this claim in his summary judgment motion. Section 1692f generally prohibits the use of unfair or unconscionable means in the collection of any debt, and lists a number of acts that may constitute such unfair practices. For the same reasons as stated above, the Court finds that material issues of disputed fact also exist regarding this claim.

The Court also counsels Plaintiff that upon submission of proper evidence, such as an affidavit or deposition of Ms. Landler, he may renew his motion for summary judgment.

**3.** The fact that Plaintiff has brought his action in the incorrect form is not fatal to his claim. "[A]

court may sustain jurisdiction when an examination of the entire complaint reveals a proper basis for assuming jurisdiction other than one that has been improperly asserted." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1206 (2d ed. 1990); see also *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 85 (2d Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1430, 113 L.Ed.2d 484 (1991). Additionally, courts should afford special solicitude to *pro se* plaintiffs, *cf. Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir.1983), although the Court notes that Plaintiff's *pro se* submissions have demonstrated an impressive degree of legal sophistication.

Act and consequently is a violation of the Vermont Consumer Fraud Act.

■ Even if this interpretation of the interaction of these provisions holds true,[4] Plaintiff has failed to show a violation of 15 U.S.C. § 1692c(b), and therefore has failed to make a sufficient showing even under his theory to enable the Court to grant him summary judgment on his state law claim.

### IV. Plaintiff's Motion for Rule 11 Sanctions

Plaintiff also moves this Court for the imposition of Rule 11 sanctions against Defendant, asserting that upon a reasonable inquiry by Defendant, it could not have formed a belief that this Court did not have personal jurisdiction over Defendant. Sanctions pursuant to a Rule 11 motion are appropriate:

> when it appears that a pleading has been interposed for any improper purpose, *or where*, after reasonable inquiry, a competent inquiry could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985) (emphasis in original); *see also* Fed.R.Civ.P. 11.

■ The Court believes that Rule 11 sanctions are appropriate in the present case for Defendant's improper motion for summary judgment. As discussed above, Rule 12(h)(1) clearly states that the defense of lack of personal jurisdiction is waived if not asserted in a prior motion under Rule 12. Defendant asserts that the case of *Guccione v. Flynt*, 617 F.Supp. 917 (S.D.N.Y.1985), supports its position by holding that "the waiver provisions of F.R.C.P. 12(h)(1) are themselves waivable by Plaintiff." (Opp. to Mot. for Sanctions ¶ 3.) In fact, *Guccione* holds that when a motion to dismiss for lack of

personal jurisdiction is submitted to a court subsequent to the submission of another motion to dismiss under Rule 12, but the Court is able to take up both motions in a single hearing or order, there is no waiver under Rule 12(h)(1). *Id.* at 918–19. In contrast to the situation in *Guccione*, this Court ruled on Defendant's Rule 12(b)(6) motion in November, 1992, and Defendant filed its motion for summary judgment on the ground of lack of personal jurisdiction on April 14, 1993. Defendant thus clearly waived its defense and could have no reasonable basis, based on a reasonable inquiry into the Federal Rules and the case law, for its motion for summary judgment.

The next question for the Court's consideration is whether a *pro se*, non-attorney plaintiff may recover attorney's fees as a sanction under Rule 11. Although the Court is certain that this question has been presented to the federal courts previously, it has been unable to find a discussion of this precise issue in the reported case law.

Courts have denied attorneys fees to *pro se* plaintiffs in a number of situations. Recently, in *Kay v. Ehrler*, 499 U.S. 432, —— ——, 111 S.Ct. 1435, 1436–38, 113 L.Ed.2d 486 (1991), the Supreme Court held that an attorney representing himself could not recover attorney's fees under 42 U.S.C. § 1988, and noted in passing that there was no dispute that a non-attorney could not recover attorney's fees under section 1988. The Court's rationale was that there is an overriding statutory concern in obtaining independent counsel for victims of civil rights discrimination, and that the provision of fees to *pro se* litigants serves as a disincentive to retaining independent counsel, who will likely be the most effective representative of the plaintiff. *Id.*

The purpose of the attorney's fee award for a Rule 11 violation is much different, however. Sanctions under Rule 11, and at-

---

4. There is no private right of action for a violation of 15 U.S.C. § 45(a)(1). *American Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir.1992); *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir.1974). Furthermore, the FDCPA's statement that violations of the FDCPA shall be deemed violations of the Federal Trade Commission Act appears to be limited to admin-

istrative enforcement actions rather than actions between private parties, which are authorized under 15 U.S.C. § 1692k(d). Although 9 V.S.A. § 2461(b) does confer a private right of action upon private citizens seeking to enforce the Consumer Fraud Act, it is not entirely clear that Plaintiff's appealingly logical connection between the three acts is correct.

torneys' fee awards in particular, are imposed as a deterrent in order to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." Fed.R.Civ.P. 11 advisory committee's note to 1983 amendment. The purpose of the Rule would therefore not be frustrated, as it potentially is under 42 U.S.C. § 1988, by awarding an attorney's fee to the Plaintiff.

Despite the fact that the purpose of Rule 11 would not be frustrated by an attorney's fee award to a *pro se* plaintiff, the Court nevertheless feels compelled to follow the plain language of Rule 11, which states:

> [i]f a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable *expenses incurred* because of the filing of the pleading, motion, or other paper, *including a reasonable attorney's fee.*

Fed.R.Civ.P. 11 (emphasis added). Because this language indicates that the Rule 11 sanction envisions payment of attorney's fees as a component of any expenses incurred, and because a *pro se* plaintiff could not have incurred any such expenses, the Court limits its sanction to a reprimand of the conduct of both Defendant and its attorneys, and an order that they jointly pay to Plaintiff any expenses other than attorney's fees. Plaintiff must be able to establish any such expenses in connection with his opposition of the summary judgment motion by way of submission of an affidavit to this Court with any supporting documentation.

### CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Paper 23) is DENIED, Plaintiff's motion for summary judgment (Paper 19) is DENIED, and Plaintiff's motion for Rule 11 sanctions (Paper 29) is GRANTED. Plaintiff is instructed to file with this Court an affidavit establishing the costs incurred in connection with his opposition of Defendant's summary judgment motion within 14 days.