**ARKWRIGHT MUTUAL INSURANCE CO. & Mutual Marine Office Inc. as Attorney–In–Fact for Arkwright Mutual Insurance Co., Plaintiffs,**

v.

**SCOTTSDALE INSURANCE COMPANY, Defendant.**

**No. 93 Civ. 2229 (SWK).**

United States District Court, S.D. New York.

Jan. 24, 1995.

---

Dougherty, Ryan, Giuffra & Zambito by James E. Ryan, Robert J. Giuffra, New York City, for plaintiffs.

Gladstein & Isaac by Brian J. Isaac, Harvey Gladstein, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

In this insurance dispute, defendant Scottsdale Insurance Company ("Scottsdale") moves, pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, to dismiss the complaint for lack of jurisdiction. In the alternative, Scottsdale moves, pursuant to 28 U.S.C. §§ 1391, 1404 and 1406, to dismiss or transfer the action on the grounds of improper venue or *forum non conveniens*. Plaintiffs Arkwright Mutual Insurance Co. ("Arkwright") and Mutual Marine Office Inc. ("Mutual Marine") oppose Scottsdale's motions. For the reasons set forth below, Scottsdale's motion to dismiss the complaint for lack of jurisdiction is denied and Scottsdale's motion to dismiss on the ground of improper venue is granted.

## BACKGROUND

### I. The Crockett Action

In the mid–1980s, Scottsdale, an insurance company headquartered in Arizona, issued a comprehensive general liability policy (the "primary policy") to a Florida boat manufacturer known as Mako Marine, Inc. ("Mako"). The primary policy insured and indemnified Mako for all claims arising out of personal injuries suffered in accidents involving products manufactured, distributed or designed by Mako. The primary policy limited Mako's coverage to $1,000,000 per occurrence.

At the same time, Mako sought excess insurance coverage in the event of liability exceeding the coverage provided by the primary policy. Consequently, Mutual Marine, a New York corporation that acts as managing agent for a pool of insurance companies, issued an excess policy to Mako on behalf of Arkwright, a Massachusetts insurance company that participates in the pool (the "excess policy"). The excess policy extended to Mako the same type of coverage afforded by the primary policy, but only to the extent liability should exceed $1,000,000 per occurrence.

On May 3, 1987, Steven C. Crockett ("Crockett") began an ill-fated voyage as a passenger aboard a twenty-one foot boat manufactured by Mako. While boating that day on Casco Bay near Portland, Maine, Crockett was thrown from the boat and landed in the engine's propellers. Crockett suffered severe physical injuries, including wounds to his lower body that required the amputation of both legs.

Shortly thereafter, Crockett commenced a civil action against Mako in Maine Superior Court, alleging negligent boat design, breach of warranty and liability based upon a theory of strict liability (the "Crockett action"). In his complaint, Crockett sought $8 million for medical costs, pain and suffering, mental anguish and lost earnings. *See* Complaint in Crockett action, annexed to the Affirmation of Harvey Gladstein, sworn to on July 9, 1993 (the "Gladstein Aff."), as Exh. "A."

Pursuant to its obligations under the primary policy, Scottsdale retained a law firm to defend Mako in connection with the Crockett action. Although the parties made several attempts to settle the case, settlement was never achieved and the case went to trial before a jury in November 1991. After an approximately two-week trial, the jury returned a verdict in Crockett's favor, holding Mako liable for damages in the amount of $2,356,568.85, exclusive of prejudgment interest and costs. *See* Judgment in Crockett action, annexed to the Gladstein Aff. as Exh. "B." In January 1993, Mako satisfied the judgment by paying Crockett $2,400,000. Pursuant to the primary and excess policies, Scottsdale paid $1,000,000 and Arkwright contributed $1,400,000.

**II. The Present Action**

On April 6, 1993, Arkwright and Mutual Marine filed the present Complaint seeking recovery of the $1,400,000 it was obligated to pay Mako in the Crockett action. Plaintiffs allege that Scottsdale breached its duty to plaintiffs "by failing to fully investigate and evaluate the facts in the [Crockett action]

and to negotiate settlement ... in good faith for an amount within the limits of its primary policy." *See* Complaint at ¶ 22. More specifically, plaintiffs allege that Scottsdale failed to (1) appraise them of the status of the Crockett action; (2) evaluate the potential liability; and (3) settle the Crockett action within the bounds of the primary policy in good faith. *Id.*

On April 26, 1993, Scottsdale answered the Complaint, denying plaintiffs' allegations and setting forth the following affirmative defenses: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) *forum non conveniens*; (5) waiver; (6) estoppel; (7) contributory negligence; (8) improper service of process; (9) failure to state a claim upon which relief may be granted; and (10) improper inclusion of Mutual Marine as "attorney-in-fact" for Arkwright. *See* Answer at ¶¶ 15–26.

Subsequently, Scottsdale moved, pursuant to 28 U.S.C. §§ 1391, 1404 and 1406, to dismiss or transfer the action to Maine on the grounds of improper venue or *forum non conveniens*. On June 19, 1994, the Court directed the parties to submit papers on the jurisdiction issue, as this defense was raised in the answer but not addressed in Scottsdale's motion. Thereafter, Scottsdale submitted its motion to dismiss for lack of personal jurisdiction and improper service of process. The Court will address Scottsdale's jurisdiction and transfer motions below.

**DISCUSSION**

**I. Jurisdiction**

Scottsdale argues that the Court lacks jurisdiction in the present case on the grounds that: (1) plaintiffs have failed to effectuate adequate service of process; and (2) Scottsdale is not subject to personal jurisdiction in New York.[1] In opposition, plaintiffs contend that Scottsdale waived any objections to service of process and personal jurisdiction by failing to include these

---

1. Scottsdale also argues that the Court lacks personal jurisdiction over it on the ground that Arkwright may not invoke the jurisdiction of New York courts through its agent, Mutual Marine. As this argument is actually an objection to venue, the Court need not address this contention in the context of jurisdiction.

grounds in its original motion to dismiss. The Court agrees.

Federal Rule of Civil Procedure 12(h)(1) provides:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Fed.R.Civ.P. 12(h)(1). Federal Rule of Civil Procedure 12(g) states, in relevant part:

> If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted.

Fed.R.Civ.P. 12(g). Taken together, these rules provide that the omission of a Rule 12 motion from a party's motion to dismiss results in waiver of the defense unless the defense was not available at the time of the motion. *Heise v. Olympus Optical Co.*, 111 F.R.D. 1, 5 (N.D.Ind.1986).

In the case at hand, although Scottsdale included the jurisdictional defenses in its answer, its failure to raise these issues in its first Rule 12 motion constitutes a waiver of these defenses. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1399 (7th Cir.1993) ("Pursuant to Rule 12(h)(1), a party must include a defense of insufficiency of process in its first Rule 12 motion or the defense is waived."); *Committe v. Dennis Reimer Co., L.P.A.*, 150 F.R.D. 495, 498 (D.Vt.1993) (failure to include defense of lack

of personal jurisdiction in first Rule 12 motion constitutes waiver); *United States v. Tomasello*, 569 F.Supp. 1, 2 (W.D.N.Y.1983) (failure to include defenses of lack of personal jurisdiction and insufficiency of service of process in first motion to dismiss constitutes waiver). Accordingly, Scottsdale's motion to dismiss for inadequate service of process and lack of personal jurisdiction is denied.[2]

## II. Venue

Scottsdale next argues that the Court should dismiss the Complaint on the ground of improper venue or transfer the action on the ground of *forum non conveniens,* pursuant to 28 U.S.C. §§ 1391, 1404 and 1406. As plaintiffs have failed to establish proper venue in this Court, Scottsdale's motion to dismiss is granted.

Under 28 U.S.C. § 1391(a), a civil action based on diversity of citizenship:

> [M]ay be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..., or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). In determining the residence of a defendant corporation for venue purposes, 28 U.S.C. § 1391(c) provides that the corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Plaintiffs fail to set forth their basis for establishing venue in this Court. A re-

---

2. Even if Scottsdale's motion were not waived, however, the Court finds that service of process upon Scottsdale has been effectuated in compliance with Federal Rule of Civil Procedure 4. Although Arkwright's initial attempt to serve process pursuant to New York Civil Practice Law and Rules § 312–a failed when Scottsdale declined to complete the enclosed acknowledge-

ment form, proper service subsequently occurred when Scottsdale was served through the New York State Superintendent of Insurance. *See Myers v. John Deere Ltd.*, 683 F.2d 270, 272 (8th Cir.1982) (finding adequate service of process where plaintiff re-served defendant to cure prior improper service).

view of the bases enumerated in 28 U.S.C. § 1391(a) indicates, however, that plaintiffs appear to ground venue principally on Scottsdale's amenability to personal jurisdiction in this district pursuant to 28 U.S.C. § 1391(a)(3). Nonetheless, plaintiffs' sole basis in arguing Scottsdale's susceptibility to personal jurisdiction in this Court derives from the fact that Scottsdale has appointed the New York Superintendent of Insurance to receive service of process by filing a power of attorney with the New York State Insurance Department as required by New York Insurance Law § 1212.[3] This fact alone, however, does not constitute consent to the jurisdiction of this Court. Rather, it is well-established that:

> A foreign corporation is not subjected to the jurisdiction of a local court through the service of process upon a resident agent, appointed by such corporation under the provisions of a statute requiring such designation by foreign corporations doing business within the state, unless such corporation is actually doing business within the state.

18 George J. Couch, Cyclopedia of Insurance Law @ 73:188, at 488 (2d ed. 1983); *see also Kasprzak v. Mutual Life Assurance Co.*, 1 F.Supp. 915, 915–16 (D.C.N.Y.1932) (stating that the mere designation of an agent for receipt of process pursuant to state statute does not confer jurisdiction absent evidence that the defendant is "doing business" in the state).

Similarly, plaintiffs' contention that New York Insurance Law § 1213 automatically confers jurisdiction over Scottsdale is without merit. Rather, Section 1213 operates as an alternative long-arm statute which subjects unauthorized foreign insurers who transact business in New York to jurisdiction in the state. *Morgan v. American Risk Management, Inc.*, No. 89 Civ. 2999, 1990 WL 106837, *5–6, 1990 U.S. Dist. LEXIS 9037, at *17 (S.D.N.Y. July 20, 1990). As plaintiffs do not allege that Scottsdale transacts business in New York, and, in fact, the primary policy was not even issued to a New York State resident, Section 1213 does not confer jurisdiction over the defendant. *See Future Ways, Inc. v. Odiorne*, 697 F.Supp. 1339, 1342 (S.D.N.Y.1988) (granting defendant's motion to dismiss for lack of personal jurisdiction, in part, on the ground that plaintiff failed to allege acts by the defendant within the purview of § 1213); *Farm Family Mut. Ins. Co. v. Nass*, 121 A.D.2d 498, 503 N.Y.S.2d 820, 821 (2nd Dep't 1986) (same). Thus, 28 U.S.C. § 1391(a)(3) does not confer venue in this Court.

■ With respect to plaintiffs' contention that venue is proper in light of Mutual Marine's residence in this jurisdiction, this argument is without merit as venue is no longer determined by the residence of the plaintiff.[4] *See* 28 U.S.C. § 1391. Accordingly, Scottsdale's motion to dismiss, pursuant to 28 U.S.C. § 1406, on the ground of improper venue is granted.[5]

## CONCLUSION

For the reasons set forth above, Scottsdale's motion, pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, to dismiss the complaint for lack of jurisdiction is denied. Scottsdale's motion, pursuant to 28 U.S.C. §§ 1391, 1404 and 1406, to dismiss on the ground of improper

---

**3.** New York Insurance Law § 1212 provides, in part, that:
> No domestic, foreign or alien insurer, including a fraternal benefit society, shall be or continue to be authorized to do an insurance business in this state unless there shall be filed in the office of the superintendent a power of attorney ... appointing the superintendent ... as its true and lawful attorney in and for this state, upon whom all lawful process ... may be served.

N.Y.Ins.Law § 1212 (McKinney 1990).

**4.** Plaintiffs' reliance upon *Manchester Modes, Inc. v. Schuman*, 426 F.2d 629, 629–30 (2d Cir. 1970), is misplaced. There, the Court applied an earlier version of 28 U.S.C. § 1391 which had permitted venue in any judicial district in which all plaintiffs reside.

**5.** As the Court finds that venue is improper, it shall not address Scottsdale's *forum non conveniens* argument.

**606**

venue is granted. This Memorandum Opinion and Order closes the case.

SO ORDERED.