82 F.3d 403
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Peter Paul MITRANO, Plaintiff, Appellant,
v.
JERRY'S FORD SALES, INC., Defendant, Appellee.
 No. 95-2127.
 United States Court of Appeals, First Circuit.
 April 18, 1996.
 
 D.N.H.
 AFFIRMED.
 Appeal from the United States District Court for the District of New Hampshire [Hon. Joseph A. DiClerico, Jr., U.S. District Judge].
 Peter Paul Mitrano on brief pro se.
 Howard B. Myers and Brown, Olson & Wilson, P.C. on brief for appellee.
 Before SELYA, CYR and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have carefully reviewed the record in this case, including the briefs of the parties. We affirm the dismissal of plaintiff/appellant's complaint for lack of personal jurisdiction.
 
 
 2
 Plaintiff/appellant has failed to show that defendant/appellee "purposefully availed itself of the privilege of conducting activities within [New Hampshire]. Hanson v. Denckla, 357 U.S. 235, 253 (1958). Where all negotiations relevant to the purchase of the automobile took place entirely out of state, see United Electrical Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1090 (1st Cir.1992) (location of negotiations vitally important to jurisdictional inquiry based on contract), the mere mailing of papers to New Hampshire is an insufficient contact to support the exercise of jurisdiction over defendant/appellee.
 
 
 3
 Appellant contends, however, that defendant/appellee waived this defense because, although it raised the defense of lack of personal jurisdiction in its answer, it did not include that defense in its subsequent motion to dismiss. Appellant's position is not entirely without support. See Arkwright Mutual Insurance Co. v. Scottsdale Insurance Co., 874 F.Supp. 601, 603 (S.D.N.Y.1995) (defense of lack of personal jurisdiction waived by failure to raise it in first Rule 12 motion, even though defendant included it in answer); Committee v. Reimer Co., L.P.A., 150 F.R.D. 495, 498 (D.Vt.1993) (same). However, we think that a careful reading of the relevant language and purpose of Rule 12 indicates that, in this case, the defense was preserved.
 
 
 4
 "The purpose of Rule 12 is to eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before consideration of the merits." Manchester Knitted Fashions v. Amalgamated, 967 F.2d 688, 691 (1st Cir.1992) (citing cases). To effect this purpose, Fed.R.Civ.P. 12(h)(1) provides that certain defenses, including the lack of personal jurisdiction, are waived, in one of two circumstances: "(A) if omitted from a motion in the circumstances described in [Rule 12(g) ], or (B) if it is neither made by motion under this rule nor included in a responsive pleading ..." Which of the two parts of this rule applies depends on the form of defendant's first defensive move. If defendant's first defensive move is a preanswer motion, section A requires that the motion contain all applicable defenses. That 12(h)(1)(A) applies to preanswer motions is made clear by the 1966 Advisory Committee's notes to Rule 12(h)(1) (Rule provides that "certain specified defenses, which were available to a party when he made a preanswer motion but which he omitted from that motion, are waived") (emphasis added), as well as by part A's reference to Rule 12(g), see 1966 Advisory Committee notes to Rule 12(g) (Rule precludes "a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included but did not in fact include therein."); Pilgrim Badge & Label Corp. v. Barrios, 857 F.2d 1,3 (1st Cir.1988) (" '[s]ubdivision (g) contemplates the presentation of an omnibus preanswer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion.") (quoting 5 Wright & Miller, Federal Practice & Procedure: Civil § 1384 at 837 (1969))). If, however, the first defensive move of defendant is a responsive pleading, 12(h)(1)(B) requires that the defense of lack of personal jurisdiction be raised in that pleading. Taken together, Rule 12(h)(1)(A) & (B) require "that defendants wishing to raise [a defense of lack of personal jurisdiction] must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading." Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir.1983); see also Roque v. United States, 857 F.2d 20, 21 (1st Cir.1988) (Under Rule 12(h)(1), "defense of [personal jurisdiction] is waived if not raised in the answer (or in a motion filed prior to or contemporaneously with the answer).") (emphasis in original).
 
 
 5
 In the instant case, defendant/appellee raised the defense of lack of personal jurisdiction in its answer to the complaint. Since this was defendant/appellee's first defensive move, the waiver provisions of Rule 12(h)(1) do not apply. Nor did defendant/appellee waive that defense by failing to raise lack of personal jurisdiction in its subsequent postanswer motion to dismiss, see Bronlow v. Aman, 740 F.2d 1476, 1483 n. 1 (10th Cir.1984) (defense of lack of personal jurisdiction not waived even though not raised in answer to amended complaint since it had already been raised in an initial motion to dismiss), especially since defendant/appellee showed no lack of diligence in pressing this issue before the district court, cf. Rice v. Nova Biomedical Corp., 38 F.3d 909, 914 (7th Cir.1994) (although raised in initial pleading, defense of lack of personal jurisdiction waived when not pressed again until appeal); Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir.1990) (same).
 
 
 6
 Affirmed.