USCA1 Opinion

 

 April 18, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2127 PETER PAUL MITRANO, Plaintiff, Appellant, v. JERRY'S FORD SALES, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, Jr., U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________ ____________________ Peter Paul Mitrano on brief pro se. __________________ Howard B. Myers and Brown, Olson & Wilson, P.C. on brief for _________________ _____________________________ appellee. ____________________ ____________________ Per Curiam. We have carefully reviewed the record in __________ this case, including the briefs of the parties. We affirm the dismissal of plaintiff/appellant's complaint for lack of personal jurisdiction. Plaintiff/appellant has failed to show that defendant/appellee "purposefully availed itself of the privilege of conducting activities within [New Hampshire]. Hanson v. Denckla, 357 U.S. 235, 253 (1958). Where all ______ _______ negotiations relevant to the purchase of the automobile took place entirely out of state, see United Electrical Workers v. ___ _________________________ 163 Pleasant Street Corp., 960 F.2d 1080, 1090 (1st Cir. ___________________________ 1992) (location of negotiations vitally important to jurisdictional inquiry based on contract), the mere mailing of papers to New Hampshire is an insufficient contact to support the exercise of jurisdiction over defendant/appellee. Appellant contends, however, that defendant/appellee waived this defense because, although it raised the defense of lack of personal jurisdiction in its answer, it did not include that defense in its subsequent motion to dismiss. Appellant's position is not entirely without support. See ___ Arkwright Mutual Insurance Co. v. Scottsdale Insurance Co., _______________________________ _________________________ 874 F. Supp. 601, 603 (S.D.N.Y. 1995) (defense of lack of personal jurisdiction waived by failure to raise it in first Rule 12 motion, even though defendant included it in answer); Committee v. Reimer Co., L.P.A., 150 F.R.D. 495, 498 (D.Vt. _________ __________________ 1993) (same). However, we think that a careful reading of -2- the relevant language and purpose of Rule 12 indicates that, in this case, the defense was preserved. "The purpose of Rule 12 is to eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before consideration of the merits." Manchester Knitted Fashions v. Amalgamated, ___________________________ ___________ 967 F.2d 688, 691 (1st Cir. 1992) (citing cases). To effect this purpose, Fed. R. Civ. P. 12(h)(1) provides that certain defenses, including the lack of personal jurisdiction, are waived, in one of two circumstances: "(A) if omitted from a motion in the circumstances described in [Rule 12(g)], or (B) if it is neither made by motion under this rule nor included in a responsive pleading . . ." Which of the two parts of this rule applies depends on the form of defendant's first defensive move. If defendant's first defensive move is a preanswer motion, section A requires that the motion contain all applicable defenses. That 12(h)(1)(A) applies to preanswer motions is made clear by the 1966 Advisory _________ Committee's notes to Rule 12(h)(1) (Rule provides that "certain specified defenses, which were available to a party when he made a preanswer motion but which he omitted from _________________ that motion, are waived") (emphasis added), as well as by part A's reference to Rule 12(g), see 1966 Advisory Committee ___ notes to Rule 12(g) (Rule precludes "a defendant who makes a preanswer motion under this rule from making a further motion ________________________________ -3- presenting any defense or objection which was available to him at the time he made the first motion and which he could have included but did not in fact include therein."); Pilgrim _______ Badge & Label Corp. v. Barrios, 857 F.2d 1,3 (1st Cir. 1988) __________________ _______ ("'[s]ubdivision (g) contemplates the presentation of an omnibus preanswer motion in which defendant advances every _________ available Rule 12 defense and objection he may have that is assertable by motion.") (quoting 5 Wright & Miller, Federal _______ Practice & Procedure: Civil 1384 at 837 (1969))). If, _____________________ however, the first defensive move of defendant is a responsive pleading, 12(h)(1)(B) requires that the defense of lack of personal jurisdiction be raised in that pleading. Taken together, Rule 12(h)(1)(A) & (B) require "that defendants wishing to raise [a defense of lack of personal jurisdiction] must do so in their first defensive move, be it ________________________________________ a Rule 12 motion or a responsive pleading." Glater v. Eli ______ ___ Lilly & Co., 712 F.2d 735, 738 (1st Cir. 1983); see also ___________ ___ ____ Roque v. United States, 857 F.2d 20, 21 (1st Cir. 1988) _____ _____________ (Under Rule 12(h)(1), "defense of [personal jurisdiction] is waived if not raised in the answer (or in a motion filed prior to or contemporaneously with the answer).") (emphasis _____ in original).  In the instant case, defendant/appellee raised the defense of lack of personal jurisdiction in its answer to the complaint. Since this was defendant/appellee's first -4- defensive move, the waiver provisions of Rule 12(h)(1) do not apply. Nor did defendant/appellee waive that defense by failing to raise lack of personal jurisdiction in its subsequent postanswer motion to dismiss, see Bronlow v. Aman, __________ ___ _______ ____ 740 F.2d 1476, 1483 n.1 (10th Cir. 1984) (defense of lack of personal jurisdiction not waived even though not raised in answer to amended complaint since it had already been raised in an initial motion to dismiss), especially since defendant/appellee showed no lack of diligence in pressing this issue before the district court, cf. Rice v. Nova __ ____ ____ Biomedical Corp., 38 F.3d 909, 914 (7th Cir. 1994) (although _________________ raised in initial pleading, defense of lack of personal jurisdiction waived when not pressed again until appeal); Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990) (same). _______ ____ Affirmed. ________ -5-